IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FERNANDO BENNEFIELD,** : | |
| : | |
| Petitioner, : | |
| : | NO. 5:24-CV-00216-MTT-CHW |
| VS. : | |
| : | |
| Warden ROY ODOM, : | |
| : | |
| Respondent. : | |
| : | |

## ORDER

*Pro se* Petitioner Fernando Bennefield filed the above-captioned application for federal habeas corpus relief in the Southern District of Georgia. ECF No. 1. Petitioner is challenging his July 2023 conviction and sentence from Dooly County Superior Court for Aggravated Assault and Unlawful Act of Violence in Penal Institution. *Id*. Petitioner's habeas action has been transferred to this Court. ECF Nos. 4 and 5.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Petitioner seeks leave to proceed *in forma pauperis*. ECF No. 2. However, a prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Petitioner's request for leave to proceed *in forma pauperis* is statutorily incomplete because he has failed to submit a certified account statement. Accordingly, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this

Order to pay the required $5.00 filing fee or if indigent, file a certified copy of his inmate account statement for the preceding six months signed by a corrections official. The Clerk is **DIRECTED** to mail Petitioner a copy of the Court's standard account certification form, marked with the case number for the above-captioned action, for this purpose.

## PRELIMINARY REVIEW OF THE PETITION

Rule 4 of the Rules Governing § 2254 Cases requires district courts to dismiss habeas corpus petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corrs.*, 947 F.3d 649, 653 (11th Cir. 2020) (quoting Rule 4). At this time, Petitioner is advised that his petition is subject to the exhaustion doctrine. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (exhaustion necessary under § 2241 and § 2254). Once a petitioner's conviction is final, a petitioner must exhaust the available state court remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Vazquez v. Sec'y, Florida Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (holding a petitioner cannot raise a federal constitutional claim in federal court unless that claim was first properly presented in the state courts); *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (per curiam) ("Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion."). In other words, Petitioner is required to exhaust all available state remedies before he may go forward with this action in federal court. *See Dill v. Holt*, 371 F.3d 1301,

1302 (11th Cir. 2004). A prisoner generally "cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of 'any available procedure' by which he has the right to raise his claim in state court." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam). To exhaust, the petitioner must "fairly present[ ]" every issue raised in the petitioner's federal habeas petition to the state's highest court, either on direct appeal or through other collateral means for review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow for the exhaustion of remedies in the state courts. *See Isaac*, 470 F. App'x at 818 (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); *Rohda v. Gordy*, No. CA 14-0169-WS-C, 2014 WL 2616627, at *1 (S.D. Ala. June 12, 2014) (holding that "federal courts are authorized to raise the exhaustion issue *sua sponte*") (citing *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005)).

The petition indicates that Petitioner entered a guilty plea in the Superior Court of Dooly County on July 18, 2023. *See* ECF No. 1 at 1. Petitioner now desires to challenge the conviction and sentence that followed his guilty plea. *Id*. at 1-7. Petitioner's responses on the Court's standard form are vague, but it appears that his only previous challenges to this conviction are motions for credit for time served that were filed in the Superior Court of Dooly County. *See id*. at 2-3. Petitioner indicates that he has not sought review of any denial of these superior court motions or of his conviction before a state appellate court.

3

*See id.* at 3.  It thus appears that Petitioner has not fully exhausted his state court remedies and that his present petition before this Court is subject to dismissal. If Petitioner has not yet exhausted his state remedies, he may file a voluntary dismissal or the Court could dismiss this action without prejudice to allow for such exhaustion upon its own order. *See Gore*, 720 F.3d at 815.

If Petitioner has pursued his superior and/or state appellate court remedies and wishes to proceed with his habeas in this Court, he must supplement his present petition to show the Court he has exhausted his state remedies.  Petitioner is therefore **ORDERED** to supplement his Petition and address more specifically any motions, appeals, or state habeas petitions that he has filed in any superior court, the Georgia Court of Appeals, the Supreme Court of Georgia, or any other appellate court, the case numbers of each, and the outcome of each case.

In sum, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $5.00 filing fee or if indigent, submit a certified account statement for the previous six months signed by a corrections official; and (2) supplement his Petition to include information regarding the exhaustion requirement as outlined above. Petitioner should also keep the Court advised of any change of address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.**

Conversely, if Petitioner does not wish to now pursue habeas relief, he should notify the Court of this and/or withdraw his petition[1] within **FOURTEEN (14) DAYS** of the date shown on this Order.

There will be no service of process in this case until further order.

**SO ORDERED**, this 6th day of August, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment…". Thus, Petitioner may file with this Court a request for voluntary dismissal so that he may then pursue his state remedies and this Court would dismiss Petitioner's action without prejudice.